**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 98-4641

TONDRA HARRIS,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CR-92-206)

Submitted: February 16, 1999

Decided: March 2, 1999

Before WILLIAMS, MOTZ, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, George H. Lancaster, Jr.,
Assistant Federal Public Defender, Charleston, West Virginia, for
Appellant. Rebecca A. Betts, United States Attorney, John J. Frail,
Assistant United States Attorney, Charleston, West Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Tondra Harris appeals a district court order revoking her term of supervised release and sentencing her to a term of 21 months' imprisonment. Harris alleges on appeal that the district court erred in rejecting as advisory the policy statements contained in Chapter Seven of the United States Sentencing Commission's Guidelines Manual and failing to notify her of her right to be represented by counsel at her revocation hearing even though she was already represented by court-appointed counsel. However, counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal. Harris has filed a pro se supplemental brief. We affirm.

Harris pled guilty to possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) (1994) and was sentenced to fifty-one months' imprisonment followed by a three year term of supervised release, which began on June 27, 1996. Harris was subsequently cited for driving on a suspended license without proof of registration or insurance on March 25, 1997. Approximately a month later, she was arrested for destruction of property, battery on a police officer, resisting arrest, and trespassing. She further tested positive for cocaine use. As a result, her probation officer filed a petition for revocation of her supervised release. At this hearing, the court simply modified the terms and conditions of her supervised release. Due to further violations of the conditions of her supervised release, including distribution of cocaine base and testing positive for marijuana use, Harris's probation officer again filed a petition recommending that Harris's term of supervised release be revoked.

Based on certain admissions made by Harris and her stipulation that the Government could prove that she distributed drugs by a preponderance of the evidence, the court found that Harris violated the

2

terms of her supervised release. Noting that under the policy statements contained in Chapter Seven of the Sentencing Guidelines Manual Harris was subject to a sentence of twelve to eighteen months and a statutory maximum of twenty-four months' imprisonment, the court sentenced Harris to a term of twenty-one months' imprisonment.

Because Harris failed to raise any objections with the district court, our review is for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993). In order to establish our authority to notice an error not preserved by a timely objection, Harris must show that an error occurred, that the error was plain, and that the error affected her substantial rights. See id. at 732.

Harris first alleges that the district court erred in not following the policy statements in Chapter Seven of the Sentencing Guidelines Manual which provide a sentencing range of twelve to eighteen months for a violation of supervised release such as that committed by Harris. See United States Sentencing Guidelines Manual § 7B1.4(a) (1997). In United States v. Davis, 53 F.3d 638, 640 (4th Cir. 1995), we held that the Chapter Seven policy statements prior to a 1994 amendment were not binding on the courts. We also noted in dicta that the 1994 amendments did not change their non-binding character. See id. at 639 n.1. Accordingly, we reject Harris's claim that the 1994 amendments made the policy statements binding on the courts and find no plain error.

Harris next claims that the court committed plain error by not informing her of her right to counsel during the revocation proceeding in violation of Fed. R. Crim. P. 32. The record reflects that Harris was represented by court-appointed counsel at the hearing. Harris claims, however, that if she had been told of her right to counsel, she would have opted to hire an attorney of her choice. We have reviewed the record and find that she was not prejudiced by the representation of court-appointed counsel and that the court's failure to advise her of her right to counsel did not affect her "substantial rights."*

_____
*To the extent that Harris claims ineffective assistance of counsel, such a claim should be raised by motion under 28 U.S.C. § 2255 (West 1994 & Supp. 1998), in the district court and not on direct appeal unless it "conclusively appears" from the record that defense counsel did not provide effective representation. See United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991). We have reviewed the record and find that it does not conclusively show that Harris's attorney was ineffective.

In accordance with <u>Anders</u>, we have examined the entire record in this case and find no reversible error. Accordingly, we affirm the district court order revoking Harris's supervised release and imposing a sentence of twenty-one months' imprisonment. This court requires that counsel inform his client in writing of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and oral argument would not aid the decisional process.

<u>AFFIRMED</u>

4